**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, | : | Case No. 1:20-cv-92 |
| United States Department of Labor, | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMPLETE CARE SUPPORTED LIVING | : | |
| AGENCY, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION FOR DEFAULT JUDGMENT (Doc. 10)**

---

This matter is before the Court on Plaintiff's Motion for Default Judgment.  (Doc. 10.)  On January 31, 2020, Plaintiff Eugene Scalia,[1] Secretary of Labor filed this action against Defendants Complete Care Supported Living Agency, LLC and Defendant Juante Hall.  (Doc. 1.)  On March 13, 2020, Plaintiff filed waivers of service for each Defendant, which were executed by an attorney on behalf of Defendants.  (Docs. 2, 3.)  Per the waiver, Defendants' answers were then due on April 3, 2020.  (*See id.*)  Neither Defendant filed an Answer.

On April 12, 2021, the Court entered an Order to Show Cause as to why this matter should not be dismissed for failure to prosecute.  (Doc. 4.)  On April 26, 2021, Plaintiff

---

[1] On March 23, 2021, Martin J. Walsh became the Secretary of Labor.  Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Walsh is the correct party plaintiff and should be automatically substituted in place of Mr. Scalia.

filed a response to the show cause order (Doc. 5), and on April 28, 2021, Plaintiff filed an Application to the Clerk for Entry of Default against Defendants (Doc. 7). The Clerk entered the Entry of Default on the docket on April 29, 2021. (Doc. 8.) Thereafter, on May 7, 2021, Plaintiff filed notice of service of both the Application and the Clerk's Entry of Default on Defendants and their counsel. (Doc. 9.) On August 3, 2021, Plaintiff filed the instant Motion for Default Judgment against Defendants. (Doc. 10.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment. Fed. R. Civ. P. 55(b). The entry of default establishes the well-pleaded allegations as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *In re Fam. Resorts of Am., Inc.*, 972 F.2d 347 (6th Cir. 1992). But, even after entry of default, the decision to grant a default judgment is within the Court's discretion. *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013); 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §§ 2681, 2685.

Importantly, if a defendant is found to be bound to default judgment, that does not resolve the issue of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A default judgment only establishes the defendant's liability—the plaintiff must establish the extent of the

damages.  *Antoine*, 66 F.3d at 110.

Plaintiff's Motion asks this Court to enter a permanent injunction against Defendants, prohibiting them from violating the Fair Labor Standards Act ("FLSA") prospectively.  (Motion, Doc. 10, Pg. ID 43.)  It also asks for an award of $23,697.55 in back wages and $23,697.55 in liquidated damages.  (*Id.* at Pg. ID 43-44.)  Plaintiff supported the Motion with a Declaration of Carmen Madera, an investigator employed by the Department of Labor (Doc. 10-1), and a chart identifying twenty-two employees and corresponding figures under columns titled "Back Wages" and "Liquidated Damages" (Doc. 10-2).  In the declaration, Ms. Madera indicated that she investigated Defendants' alleged noncompliance with the FLSA, identified her conclusions, and explained how she calculated the damages.  (Madera Declaration, Doc. 10-1, Pg. ID 47-48.)  As to the damages, she refers to her calculations as being contained in Exhibit 2 (Doc. 10-2), and she explains through examples how she calculated the damages per employee.  (*See id.* at ¶¶ 7-9.)  Exhibit 2 contains figures attributed to back wages and liquidated damages.  (See Doc. 10-2.)

It is unclear, however, where these numbers come from.  While the totals provided on Exhibit 2 equal the amount Plaintiff seeks in its Motion, the origin of the numbers themselves remains a question.  There are no records showing the hours worked by each employee, the amounts actually paid, and the difference between what was paid and what should have been paid as required by the FLSA.  In sum, there is no supporting documentation, and thus no way for the Court to verify that the judgment amount sought is actually the correct calculation of damages.  An affidavit setting out these unliquidated

damages, but bare of any supporting documentation, does not sufficiently prove the amount of damages. *Antoine*, 66 F.3d at 110.

In light of the inadequacy of the evidence used to support the Motion for Default Judgment, the Court **DENIES** the motion without prejudice.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND